FILED
APR 06 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert Heard,

    Plaintiff,

v.                                Civil Action No. 18-174 (UNA)

Donald J. Trump *et al.*,

    Defendants.

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Gainesville, Georgia, has submitted yet another complaint against President Donald Trump, U.S. Attorney General Jeff Sessions, and presumably Georgia Governor Nathan Deal and United States District Judge Richard W. Story of the Northern District of Georgia. *See* Compl. Caption; *Heard v. Trump*, No. 17-cv-2364 (D.D.C. Jan,. 17, 2018). Like the previously dismissed complaint, the random statements comprising the instant complaint fail to provide any notice of a claim and the basis of federal court jurisdiction. To the extent that plaintiff is seeking an "investigation," Compl. at 3, the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995). Therefore, this case will be dismissed as well. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: April 6, 2018